Nicholas H. KONTAKIS, Plaintiff,

v.

Dr. PAHLOW, et al., Defendants.

Civ. No. 86–4913 (AET).

United States District Court,
D. New Jersey.

Oct. 14, 1987.

Nicholas H. Kontakis, pro se.

Ozzard, Wharton, Rizzolo, Klein, Mauro, Savo & Hogan, Somerville, N.J., for defendants Dr. Pahlow, Somerset County Jail, Robert H. Lund and Robert C. Lang, Jr.

Lenox, Giordano, Devlin, Delehey & Socey, Trenton, N.J., for defendant Pahlow for 4th cause of action on compensatory damages only.

ANNE E. THOMPSON, District Judge.

This matter comes before the court on a motion by defendants Dr. Pahlow, Somerset County Jail, Robert H. Lund, and Robert C. Lang, Jr., for summary judgment and a motion by plaintiff, Nicholas H. Kontakis, for leave to appeal the court's Memorandum and Order entered on April 24, 1987. The court is somewhat perplexed by plaintiff's motion for leave to appeal as the court has received notice that plaintiff filed a Notice of Appeal to the Third Circuit on May 11, 1987. As it appears that plaintiff has already filed an appeal, the court will not consider plaintiff's motion at this time.

Plaintiff has brought this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 against the warden and physician of the Somerset County Jail and the Somerset County Prosecutor. Plaintiff's claims against the Honorable Wilfred P. Diana were dismissed in the court's Memorandum and Order entered on April 24, 1987. Plaintiff alleges that the remaining defendants denied him adequate medical treatment and prevented him from being able to seek psychiatric help in violation of his fifth, eighth and fourteenth amendment rights. Defendants argue that no genuine issues of material fact exist on either claim and summary judgment should be granted.

Plaintiff's claims regarding his medical treatment focus on the type of medication he was provided with and the refusal of the doctor to provide plaintiff with the medicine that plaintiff requested. The papers submitted by the plaintiff contain charges that Dr. Pahlow prevented him from receiving psychiatric treatment and did not provide him with the medications he needed. The defendants, however, have submitted extensive documentation chronicling plaintiff's medical treatment and all the medication he received while in the jail. Plaintiff was seen by medical personnel at the jail every 2 or 3 days and received medication daily. While plaintiff may not have approved of or agreed with the medical treatment he received, it is evident that he was not neglected and that the medical staff attempted to insure his comfort and remedy his medical problems.

In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the United States Supreme Court explained what constitutes a claim for unconstitutional insufficiency of medical treatment. The court mandated that it is "the government's obligation to provide medical care for those it is punishing by incarceration." *Id.* at 103, 97 S.Ct. at 290. The court then concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104, 97 S.Ct. at 291 (citations omitted). In *Gamble*, however, the court notes that charges of medical malpractice, of negligence in diagnosing and treating a prisoner's medical condition, do not state a cognizable claim of a constitutional violation. The prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106, 97 S.Ct. at 292. The evidence before the court in the instant case does not show deliberate indifference. The record is replete with evidence of the efforts of the prison staff to make Mr. Kontakis comfortable and control his high blood pressure. The *Gamble* court specifically held that questions about the particular forms of treatment chosen or not cho-

sen are "classic example[s] of a matter for medical judgment." *Id.* at 107, 97 S.Ct. at 293. A doctor's choice of a particular medical treatment cannot be the basis for a charge of cruel and unusual punishment.

The court finds that plaintiff has not stated a claim of cruel and unusual punishment pursuant to *Gamble.* There is no evidence that the medical staff at the Somerset County Jail treated Mr. Kontakis with deliberate indifference, on the contrary, the record indicates that he was given extensive care and that the staff attempted to treat his complaints according to their best medical judgment. There is no indication that Mr. Kontakis was mistreated or that the staff refused to respond to his complaints. The medical staff may not have provided precisely the type of medical care or the exact medications which Mr. Kontakis wanted, but such behaviour does not rise to the level of a constitutional violation.

■ The court further finds that plaintiff has not stated a claim for a constitutional violation concerning any attempts by Prosecutor Lang to prevent plaintiff's access to psychiatric treatment. There is not sufficient evidence to support plaintiff's claim that the prosecutor's office requested that plaintiff be denied psychiatric treatment. Plaintiff did, in fact, undergo psychiatric evaluations on several occasions both during a stay at Trenton Psychiatric Hospital and on an out-patient basis at Richard Hall Community Mental Health Center. The court cannot find any basis for charges that Prosecutor Lang attempted to interfere with plaintiff's access to psychiatrists. The court will grant summary judgment for defendants on all counts.

ORDERED that defendants' motion for summary judgment be and hereby is granted.